Filed 12/30/25

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>RUFINO ANAYA,<br><br>    Defendant and Appellant. | 2d Crim. No. B338242<br>(Super. Ct. No. PA089375)<br>(Los Angeles County) |

Can a trial court's remarks at the conclusion of a bench trial support the prima facie denial of a Penal Code[1] section 1172.6 petition? We conclude the answer is yes and, accordingly, will affirm the order denying Rufino Anaya's section 1172.6 petition. To the extent appellant also appealed the trial court's decision on his section 1172.1 request, we will dismiss that portion of the appeal.

---

[1] Undesignated statutory references are to the Penal Code. Appellant filed a form petition citing section 1170.95. Effective June 30, 2022, the Legislature renumbered section 1170.95 as section 1172.6, without substantive change. (Stats. 2022, ch. 58, § 10.) We refer to the statute as section 1172.6 throughout.

FACTUAL AND PROCEDURAL BACKGROUND[2]

"On January 25, 2017, appellant and his girlfriend K.O. got into an argument in a store parking lot. Appellant broke the windshield of K.O.'s car and choked her with one hand as he held a knife in the other hand. K.O. ran away and appellant chased her through the parking lot while holding the knife. Appellant also threatened to kill K.O. and her son.

"K.O. and appellant ended their relationship in July 2017. On August 10, appellant told K.O. in text messages '[y]ou will see what I'm capable of doing . . . . I don't care if I die. I'm going to get you.'

"The following night, K.O.'s friend and coworker Daniel Martinez drove her to her job at a gas station. Appellant knew K.O. worked there and was aware of her schedule. When K.O. opened the door to get out of Martinez's vehicle, appellant appeared 'out of nowhere,' grabbed her by the hair with one hand, and dragged her approximately 35 to 40 feet while holding a knife in his other hand. Martinez intervened and wrestled with appellant, thereby freeing K.O. Appellant turned his attack on Martinez and stabbed him multiple times in the chest and arms before running away."

Appellant was convicted in a court trial of the attempted murder of Martinez (§§ 187, subd. (a), 664; count 1), two counts of assault with a deadly weapon (§ 245, subd. (a); counts 3 and 4),

---

[2] We grant respondent's unopposed request for judicial notice of the clerk's and reporter's transcripts in appellant's prior appeal, *People v. Anaya*, 2d Crim. No. B291906. (Evid. Code, §§ 452, 459.) We quote from this court's unpublished opinion in *People v. Anaya* (Aug. 20, 2019, B291906) [nonpub. opn.]. We provide these facts for background purposes and do not rely on them to determine whether the petition was properly denied. (*People v. Rushing* (2025) 109 Cal.App.5th 1025, 1028, fn. 2.)

stalking (§ 646.9, subd. (a); count 5), and battery against a person with whom he had a dating relationship (§ 243, subd. (e)(1); count 6 lesser included offense). The court acquitted appellant of the attempted murder of K.O. (count 2). It found true the allegation appellant personally used a dangerous or deadly weapon in the commission of count 1 (§ 12022, subd. (b)(1)). As to counts 1 and 3, the court found appellant personally inflicted great bodily injury upon Martinez (§ 12022.7, subd. (a)).

The court found appellant suffered a prior strike and serious felony conviction (§§ 667, subd. (a)-(j), 1170.12.) It sentenced him to 25 years and eight months in prison. On direct appeal, we ordered the eight-month sentence on count 5 stayed under section 654 and affirmed the judgment as modified. (*People v. Anaya*, *supra*, B291906.)

In 2023, appellant filed a form petition for resentencing under section 1172.6. The court appointed counsel, and the People filed an opposition. At the hearing, appellant's counsel briefly argued that appellant had made a prima facie case for relief, "as there is nothing in the record of conviction that would disqualify him."

The court denied the petition: "Well, I know at this stage, the court cannot engage in fact-finding. I did preside over the court trial, however. And in this case, defendant was the only charged defendant in this case. He was found guilty of counts 1, 3, 4, and 5. Count 1 being the attempted murder, along with personal infliction of great bodily injury pursuant to 12022.7. Based on all of that, the court does not find a prima facie case has been established and the petition is denied."

Appellant also filed a request for recall of sentence and resentencing pursuant to section 1172.1. In a minute order, the court noted it was not required to respond and stated it "will take no further action . . . ."

3

## DISCUSSION

### *Legal Principles*

"Effective January 1, 2019, Senate Bill No. 1437 (2017-2018 Reg. Sess.) . . . significantly limited the scope of the felony-murder rule and eliminated liability for murder under the natural and probable consequences doctrine . . . ." (*People v. Guiffreda* (2023) 87 Cal.App.5th 112, 122; Stats. 2018, ch. 2015, §§ 1-3.) Senate Bill No. 775 (2021-2022 Reg. Sess.) extended relief to defendants convicted of attempted murder, but only if their convictions were "based on the natural and probable consequences doctrine." (*People v. Coley* (2022) 77 Cal.App.5th 539, 548; Stats. 2021, ch. 551, § 2; § 1172.6, subd. (a).) The natural and probable consequences doctrine "is a theory of vicarious liability" that requires a second participant. (*People v. Saavedra* (2023) 96 Cal.App.5th 444, 448; *People v. Love* (2025) 107 Cal.App.5th 1280, 1288.) Section 1172.6 does not apply to defendants convicted of attempted murder as direct perpetrators. (See *People v. Cortes* (2022) 75 Cal.App.5th 198, 204.)

Section 1172.6 sets forth the procedure for defendants convicted under prior law to petition for relief. (§ 1172.6.) The process "begins with a facially valid petition that entitles petitioner to counsel, continues with asking whether petitioner has made a prima facie case for relief, and, if so, proceeds to an evidentiary hearing on the ultimate question of whether petitioner should be resentenced." (*People v. Patton* (2025) 17 Cal.5th 549, 562 (*Patton*); § 1172.6, subds. (a)-(d).)

The prima facie inquiry is "'limited.'" (*Patton*, *supra*, 17 Cal.5th at p. 562.) As in the analogous habeas corpus context, "'"'the court takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if [those] factual allegations

were proved.  If so, the court must issue an order to show cause."'"'"  (*Id.* at p. 563.)

"'"However, if the record, including the court's own documents, 'contain[s] facts refuting the allegations made in the petition,' then 'the court is justified in making a credibility determination adverse to the petitioner.'"'"  (*Patton, supra,* 17 Cal.5th at p. 563.)  The Court has cautioned that "'[i]n reviewing any part of the record of conviction at this preliminary juncture, a trial court should not engage in "factfinding involving the weighing of evidence or the exercise of discretion."'"  (*Ibid.*)  "'If the petition and record in the case establish conclusively that the defendant is ineligible for relief, the trial court may dismiss the petition.'"  (*People v. Curiel* (2023) 15 Cal.5th 433, 450 (*Curiel*).)

"We review de novo a trial court's denial of a section 1172.6 petition at the prima facie stage."  (*People v. Bodely* (2023) 95 Cal.App.5th 1193, 1200.)

*Analysis*

The record of conviction conclusively establishes that appellant is ineligible for section 1172.6 relief.  The trial court properly denied the petition at the prima facie stage.

Ordinarily, we "look to the jury's verdicts, and the factual findings they necessarily reflect, to determine whether the record of conviction refutes the factual allegations" in a section 1172.6 petition.  (*Curiel, supra,* 15 Cal.5th at p. 465.)  This case is more straightforward because the court explained its attempted murder finding.  (See *People v. Lopez* (2023) 88 Cal.App.5th 566, 572, fn. 5 [trial transcript part of the record of conviction].)

The parties' arguments framed the court's remarks. During argument, neither party invoked the natural and probable consequences doctrine.  The prosecutor argued appellant stabbed Martinez with the intent to kill.  Defense counsel acknowledged there was "ample evidence" appellant

5

stabbed Martinez multiple times. Counsel argued lack of intent to kill and self-defense.

The court plainly rejected both arguments. The court determined appellant "inflicted" stab wounds on Martinez and stated that "based on the totality of the facts, I do think that there was an intent to kill." Consistent with these determinations, the court found true allegations appellant personally used a dangerous or deadly weapon and personally inflicted great bodily injury upon Martinez. Appellant was convicted of attempted murder as the direct perpetrator who acted with intent to kill, not based on the natural and probable consequences doctrine or any other theory of vicarious liability. His case presents the archetypal "'clearly meritless petition[]'" the prima facie stage properly "screen[s] out." (*Patton*, *supra*, 17 Cal.5th at p. 566.)

Appellant contends reliance upon the trial court's description of its attempted murder finding involves a consideration of credibility and weighing of evidence. We disagree. The trial court evaluated credibility and weighed evidence at appellant's court trial. Reliance on the trial court's remarks, which elucidate its underlying factual determinations, does not itself constitute factfinding at the prima facie stage.

We recognize courts have held that "in a criminal bench trial, the trial court is not required to provide a statement of decision and that any explanation of his or her decision a trial judge provides is not part of the record on appeal." (*People v. Tessman* (2014) 223 Cal.App.4th 1293, 1302; see also *People v. Grana* (1934) 1 Cal.2d 565, 570.) Rather than defining the scope of the record of conviction in a section 1172.6 case, these authorities are better understood as applying the principle that "'where a judge's statements as a whole disclose a correct concept of the law and its application, no secondary remarks should be

deemed to have impeached his determination.'" (*People v. Ortiz* (1964) 61 Cal.2d 249, 253.) This principle has no application in the section 1172.6 prima facie context, where the court evaluating the petition is not impeaching the trial court's determination.

Appellant argues the trial court based its denial on the insufficient "procedural findings that appellant was the only charged defendant and that he was found guilty of the attempted murder and personal infliction of the great bodily injury enhancement." We affirm if the trial court's ruling was correct on any ground. (*People v. Camacho* (2022) 14 Cal.5th 77, 123.) Appellant is ineligible for section 1172.6 relief as a matter of law. Thus, regardless of its reasoning, the trial court properly denied the petition at the prima facie stage.

Finally, to the extent appellant appealed the trial court's decision on his section 1172.1 request, that "decision is not an appealable order . . . ." (*People v. Brinson* (2025) 112 Cal.App.5th 1040, 1045.)

## DISPOSITION

The order denying the section 1172.6 petition is affirmed. To the extent appellant appealed the court's decision on his section 1172.1 request, that portion of the appeal is dismissed.

<u>CERTIFIED FOR PUBLICATION.</u>

CODY, J.

We concur:

YEGAN, Acting P. J.          BALTODANO, J.

7

Hayden A. Zacky, Judge
Superior Court County of Los Angeles

_____

James Koester, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Idan Ivri and Scott A. Taryle, Supervising Deputy Attorneys General, for Plaintiff and Respondent.